UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>OPERATURE, INC.; PARCELNOMICS, LLC; FALLBROOK PROPERTY, LLC; TWILIGHT PROPERTIES, LLC; and TIERRA DE LAS PALMAS OWNERS ASSOCIATION,<br><br>Defendants. | Case No. 2:17-cv-01646-RFB-VCF<br><br>ORDER |

## I.  INTRODUCTION

Before the Court is Plaintiff Federal National Mortgage Association's ("Fannie Mae") motion for default judgment against Twilight Properties, LLC. ECF No. 51.

## II.  PROCEDURAL BACKGROUND

Fannie Mae sued defendants on June 13, 2017. ECF No. 1. It amended the complaint on July 24, 2018. ECF No. 29. On September 21, 2018, Fannie Mae filed an affidavit of service of the summons and the amended complaint on Twilight. ECF No. 43. The affidavit provides that Twilight was served on August 16, 2018. Id. The Clerk of the Court entered default against Twilight on September 28, 2018. ECF No. 49. Fannie Mae now moves for default judgment. ECF No. 51.

## III.  ALLEGED FACTS

In the amended complaint, Fannie Mae alleges the following:

David Lazear purchased the property at 5124 Canary Island Ct., North Las Vegas, Nevada 89031. Lazear then obtained a loan on September 13, 2005, which was secured by a deed of trust. The deed of trust was recorded against the property on September 16, 2005.

Fannie Mae acquired ownership over the loan and the deed of trust in October 2005. Nearly three years later, the Federal Housing Finance Agency ("FHFA") placed Fannie Mae under its conservatorship per FHFA's authority under Housing and Economic Recovery Act of 2008 ("HERA"), 12 U.S.C. § 4511.

On September 18, 2012, an assignment of the deed of trust to Homeward Residential, Inc. was recorded. An assignment of the deed of trust to Ocwen Loan Servicing, LLC was recorded on October 1, 2013. Ocwen then recorded an assignment of the deed of trust to Fannie Mae on September 24, 2015. Ocwen serviced the loan for Fannie Mae, and thus was the record beneficiary of the deed of trust for Fannie Mae, on February 10, 2015.

A Fannie Mae document titled <u>Single Family Servicing Guide</u> governs the relationship between Fannie Mae and its servicers, including Ocwen. The guide provides, in part, that the servicers may act as record beneficiaries for the deeds of trusts owned by Fannie Mae and requires that the servicers assign the deeds of trust to Fannie Mae if demanded to do so. The guide also provides:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its … ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by -- preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and -- providing recordation information for the affected mortgage loans.
>
> …
>
> In order to ensure that a servicer is able to perform the services and duties incident to the servicing of the mortgage loan, Fannie Mae temporarily gives the servicer possession of the mortgage note whenever the servicer, acting in its own name, represents the interests of Fannie Mae in foreclosure actions, bankruptcy cases,

probate proceedings, or other legal proceedings. This temporary transfer of possession occurs automatically and immediately upon the commencement of the servicer's representation, in its name, of Fannie Mae's interests in the foreclosure, bankruptcy, probate, or other legal proceeding.

The guide also instructs servicers on how to pursue foreclosure. In relation to foreclosures, the guide reads: "Fannie Mae is at all times the owner of the mortgage note" and "possession automatically reverts to Fannie Mae" "[a]t the conclusion of the servicer's representations of Fannie Mae's interests in the foreclosure."

After Lazear failed to timely pay the homeowners association assessments owed to the Tierra de Las Palmas Owners Association, the Association foreclosed on the property under Chapter 116 of the Nevada Revised Statute. The foreclosure sale occurred on February 10, 2015—the time at which Ocwen served as Fannie Mae's servicer for the loan and deed of trust. Operature, Inc. purchased the property and then transferred its interest to Parcelnomics, LLC. Parcelnomics subsequently transferred its interest to Fallbrook Property, LLC. And, according to a quitclaim deed that was recorded on August 28, 2017, Fallbrook quitclaimed its interest in the property to Twilight.

The FHFA never consented to allowing the foreclosure sale to extinguish Fannie Mae's interest in the property.

**IV.     LEGAL STANDARD**

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the

possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

## V. DISCUSSION

In considering the seven Eitel factors, the Court finds default judgment against Twilight is warranted. The first and sixth factors favor granting default judgment because Twilight has failed to defend—or appear at all in this matter—since being served with the summons and the amended complaint on August 16, 2018. Its failure to appear for the past year prejudices Fannie Mae by preventing it from determining its rights to the property. Further, its failure to appear for the substantial period of time demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, Twilight's failure to appear prevents the Court from determining the matter on its merits.

The second and third factors also favor a grant of default judgment. Fannie Mae seeks declaratory relief that its interest in the property was not extinguished by the foreclosure sale, meaning that Twilight acquired an interest subject to Fannie Mae's interest. Fannie Mae's claim has merit under the Federal Foreclosure Bar as explained in Berezovsky v. Moniz, 869 F.3d 923 (9th Cir. 2017). See also Daisy Tr. v. Wells Fargo Bank, N.A., 2019 WL 3366241, *1 (Nev. 2019). Fannie Mae has supported its claim with sufficient allegations in its complaint and by attaching materially identical evidence to that found to be dispositive in Berezovsky, 869 F.3d at 932–33. Thus, Fannie Mae has demonstrated its claims are meritorious.

/ / /

Finally, there is no money at stake to counsel against the grant of default judgment; in claim one and claim two, Fannie Mae seeks only a declaration or to quiet title under the Federal Foreclosure Bar. Thus, the Court finds the Eitel factors favor the grant of default judgment against Twilight as to claim two: quiet title under the claim to quiet title or for declaratory relief and grants the motion for default judgment accordingly.

### VI. CONCLUSION

**IT IS ORDERED** that Federal National Mortgage Association's [51] motion for default judgment is GRANTED. The Court finds in favor of Federal National Mortgage Association and declares that the foreclosure sale did not extinguish the deed of trust recorded against the property on September 16, 2005 and that Twilight Properties, LLC acquired its interest in the property subject to the deed of trust.

**IT IS FURTHER ORDERED** that Federal National Mortgage Association must file by August 26, 2019 either a stipulation to dismissal according to its representations in the joint interim status report or a status report noticing the Court of Federal National Mortgage Association's intent to continue this litigation.

DATED: August 12, 2019.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**